**In re Hiromichi WADA**

No. 99–1160.

United States Court of Appeals,
Federal Circuit.

Oct. 20, 1999.

Bruce A. Tassan, Washington, DC, for appellant.

Albin F. Drost, Acting Solicitor, Office of the Solicitor, of Arlington, Virginia, for appellee. With him on the brief were Nancy C. Slutter, Acting Deputy Solicitor; David R. Nicholson and Linda Moncys Isacson, Associate Solicitors. Of counsel was John M. Whealan, Attorney, Office of the Solicitor, of Arlington, Virginia.

Before PLAGER, SCHALL, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

## DECISION

Hiromichi Wada appeals from a decision of the U.S. Patent and Trademark Office Trademark Trial and Appeal Board ("the Board") affirming the final rejection of Application Serial No. 74/657,464, seeking to register the mark NEW YORK WAYS GALLERY. Because we find that the Board did not err in refusing to register the mark, we affirm.

## BACKGROUND

In 1995, Hiromichi Wada filed an intent-to-use application for the mark NEW YORK WAYS GALLERY. The goods identified in the trademark application included various kinds of leather bags, luggage, back packs, wallets, tote bags, and the like. Wada disclaimed any exclusive rights to the term NEW YORK apart from its use within the composite mark, NEW YORK WAYS GALLERY.

The examining attorney refused registration of the mark under 15 U.S.C. § 1052(e)(3) (1994), finding that it was primarily geographically deceptively misdescriptive for the goods identified. The examiner noted that Wada, a Japanese citizen and Michigan resident, had failed to demonstrate any connection between the goods identified and the city or state of New York. The examiner found that the primary significance of the term NEW YORK was geographical, and determined, based upon evidence that hand bags and luggage are designed and manufactured in New York, that the public associates the identified goods with New York. Because Wada failed to refute the goods/place association between New York and the identified goods, the examiner refused registration of the mark in a final rejection. Wada appealed this rejection to the Board.

The Board affirmed the examiner's refusal to register the mark. *See In re Wada,* 48 U.S.P.Q.2d 1689 (TTAB Oct. 9, 1998). The Board found that the evidence established that the mark was primarily geographically deceptively misdescriptive. *See id.* at 1692. In particular, the Board pointed to evidence that showed (1) New York is a well-known geographic place and (2) New York is well-known as a place where leather goods and handbags are designed and manufactured. *See id.* at 1690. It rejected Wada's assertion that the mark is intended to evoke a "New York style," and thus is not primarily geographic. *See id.* at 1691–92. The Board found that the addition of the words WAYS GALLERY to NEW YORK did not detract from the primary geographic significance of the mark, particularly since Wada could point to no evidence that there was a "New York style" of the products at issue. *See id.* at 1691.

Further, the Board rejected Wada's argument that the disclaimer of NEW YORK allowed the mark as a whole to be registered. The Board recognized that prior to the implementation of the NAFTA amendments to the Lanham Act, primarily geographically deceptively misdescriptive marks could be registered with a disclaimer of the geographic terms. *See id.* at 1692. However, the Board found that because of the NAFTA amendments, the disclaimer of geographic terms no longer salvages registrability of such marks. *See id.* This appeal followed.

## DISCUSSION

### A. Standard of Review

■ A finding by the Board that a mark is primarily geographically deceptively misdescriptive is a factual determination. *See In re Compagnie Generale Maritime,* 993 F.2d 841, 845, 26 USPQ2d 1652, 1654 (Fed.Cir.1993). We uphold the Board's factual determinations unless they are arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. *See Dickinson v. Zurko,* —— U.S. ——, 119 S.Ct. 1816, 1818, 144 L.Ed.2d 143 (1999). We review the Board's legal conclusions, such as its interpretations of the Lanham Act, *de novo. See In re International Flavors & Fragrances Inc.,* 183 F.3d 1361, 1365, 51 USPQ2d 1513, 1515 (Fed.Cir.1999).

### B. The Mark is Primarily Geographically Deceptively Misdescriptive.

■ The Board found that the mark NEW YORK WAYS GALLERY was primarily geographically deceptively misdescriptive when applied to the goods in Wada's application. For a mark to be

primarily geographically deceptively misdescriptive, the mark must (1) have as its primary significance a generally known geographic place, and (2) identify products that purchasers are likely to believe mistakenly are connected with that location. See Institut National Des Appellations D'Origine v. Vintners Int'l Co., 958 F.2d 1574, 1580, 22 USPQ2d 1190, 1195 (Fed. Cir.1992). A mark is not primarily geographic where the geographic meaning is obscure, minor, remote, or not likely to be connected with the goods. See In re Nantucket, Inc., 677 F.2d 95, 99, 213 USPQ 889, 892 (1982). Thus, a mark with a geographic term used fancifully or arbitrarily may be registered like any other fanciful or arbitrary mark. See In re Loew's Theatres, Inc., 769 F.2d 764, 767, 226 USPQ 865, 867 (Fed.Cir.1985).

■ In this case, Wada argues that the primary significance of the mark is not geographic. Instead, Wada claims that the mark evokes a gallery that features New York "ways" or "styles." Since New York Ways Gallery is a fictitious location, Wada argues that the primary significance of the mark is fanciful or arbitrary. The Board, however, found that NEW YORK is not an obscure geographical term and that it is known as a place where the goods at issue here are designed, manufactured, and sold. It found that primary geographic significance is not lost by the addition of WAYS GALLERY to NEW YORK. In making its determination, the Board pointed to evidence such as manufacturer listings and NEXIS excerpts showing that various leather goods and handbag manufacturers are located in New York. The Board also pointed out that Wada had not brought forth any evidence showing a "New York style" of the goods at issue here. Given our deferential standard of review, we see no reason to disturb the Board's factual findings on this issue.

To satisfy the second part of the test, it must be shown that the public is likely to believe mistakenly that the mark identifies a place connected with the goods–a goods/place association. See Nantucket, 677 F.2d at 99. The Board found it likely that the public, upon encountering goods bearing the mark NEW YORK WAYS GALLERY, would believe that the goods have some connection to New York. See Wada, 48 USPQ2d at 1691. Wada contends that consumers would not view the mark as identifying a place connected with the goods, but rather would see the mark as evoking an aura of status or prestige. The Board refuted Wada's argument by pointing to evidence that New York is a world renowned fashion center and is well-known as a place where goods of this kind are designed, manufactured, or sold. See id. Thus, the Board concluded that there is a goods/place association between the goods identified in Wada's application and New York. Once again, we see no reason to disturb the Board's factual findings on this issue. The Board's determination that the mark NEW YORK WAYS GALLERY is primarily geographically deceptively misdescriptive rests upon factual determinations which have not been shown to be arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. See Loew's Theatres, 769 F.2d at 768 (approving the use of directories to establish a goods/place association).

### C. Disclaimer of NEW YORK Does Not Permit Registration of the Mark as a Whole.

■ Wada argues that even if we affirm the Board's conclusion that NEW YORK WAYS GALLERY is primarily geographically deceptively misdescriptive, the disclaimer of NEW YORK should permit registration of the mark as a whole. We disagree.

■ Prior to the implementation of the NAFTA amendments to the Lanham Act, marks that were primarily geographically deceptively misdescriptive could be registered if they had acquired secondary meaning. See 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 14.30 (4th ed.1999). Addi-

tionally, even if the mark had not acquired secondary meaning, the mark could be registered with a disclaimer of the primarily geographically deceptively misdescriptive terms. *See id.* § 19.64. By disclaiming such terms, the applicant could not claim exclusive rights to the disclaimed portions apart from their use in the mark as a whole. *See Dena Corp. v. Belvedere Int'l, Inc.,* 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed.Cir.1991). However, with the incorporation of the NAFTA amendments into the Lanham Act in 1993, primarily geographically deceptively misdescriptive marks were precluded from registration under all circumstances, even with a showing of secondary meaning. *See* 15 U.S.C. § 1052(f) (1994). Neither the statute nor the legislative history address the practice of disclaiming primarily geographically deceptively misdescriptive terms. In response to the statutory amendments, the PTO issued an *Official Gazette* notice stating "[a] mark that is . . . primarily geographically deceptively misdescriptive . . . will not be rendered registrable by a disclaimer of the geographically deceptively misdescriptive component." U.S. Patent and Trademark Office, 1162 Official Gazette 15 (May 3, 1994); *see also Trademark Manual of Examining Procedure* § 1210.06 (1993) (containing identical language).

■■■■ The Commissioner is given broad flexibility in implementing disclaimer policies. *See* 15 U.S.C. § 1056(a) (1994) ("The Commissioner may require the applicant to disclaim an unregistrable component of a mark otherwise registrable."); *Dena Corp.,* 950 F.2d at 1560 ("[I]f an applicant seeks to disclaim 'an unregistrable component of a mark otherwise registrable,' the Commissioner has discretion to permit a disclaimer."). Here, the Commissioner has adopted a policy that use of a disclaimer will not be permitted to salvage a mark that is primarily geographically deceptively misdescriptive. This policy is consistent with the NAFTA amendments to the Lanham Act, that eliminated the

ability to register primarily geographically deceptively misdescriptive marks that have acquired secondary meaning. It also complies with Article 1712 of NAFTA, which prohibits the registration of marks that may mislead the public as to the geographical origin of goods. This policy treats primarily geographically deceptively misdescriptive marks the same as deceptive marks, which are not registrable under any circumstances. *See* 15 U.S.C. § 1052(f). A disclaimer of deceptive terms does not permit registrability of a mark that is deceptive. *See In re Perry Mfg. Co.,* 12 USPQ2d 1751, 1752 (TTAB 1989); McCarthy, *supra,* § 19.64.

Wada argues that since the statute and its legislative history are silent on the matter, the Lanham Act amendments should not change the disclaimer policy regarding primarily geographically deceptively misdescriptive marks. Wada points out that unregistrability under § 1052(f) does not necessarily mean that disclaimer is improper. For example, while generic terms are unregistrable under any circumstances, marks containing generic terms can be registered with disclaimer of such terms. However, generic terms are unregistrable because registration would preclude others from using terms that truthfully describe their products. Disclaimer of generic terms in composite marks allows marks containing generic terms to be registered as a whole while preventing any exclusive rights in the generic terms themselves.

Primarily geographically deceptively misdescriptive marks, like deceptive marks, mislead the public even with a disclaimer. This similarity between primarily geographically deceptively misdescriptive marks and deceptive marks justifies similar treatment with respect to disclaimers. If Wada were permitted to use the mark NEW YORK WAYS GALLERY with NEW YORK disclaimed, the public will still be likely to believe mistakenly that products bearing the mark are connected with New York. In other words, "it would

be anomalous to prohibit registration [of a] primarily geographically deceptively misdescriptive [mark], but allow registration of the same geographically deceptively misdescriptive mark with a mere disclaimer of the geographic element." *Wada,* 48 USPQ2d at 1692.

## CONCLUSION

The Board's finding that the mark NEW YORK WAYS GALLERY is primarily geographically deceptively misdescriptive is a finding of fact that is not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. Additionally, the Board's conclusion that disclaimer of NEW YORK does not salvage registrability is correct in light of the NAFTA amendments to the Lanham Act and the subsequent change in PTO policy regarding disclaimers of primarily geographically deceptively misdescriptive marks. The Board's refusal to register the mark NEW YORK WAYS GALLERY, therefore, is

*AFFIRMED.*

## COSTS

Each party shall bear its own costs.