# United States Court of Appeals for the Federal Circuit

2008-1429
(Serial No. 78/277,681)


IN RE HOTELS.COM, L.P.


Gary D. Krugman, Sughrue Mion, PLLC, of Washington, DC, for appellant.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office.  With him on the brief were Christina J. Hieber and Thomas V. Shaw, Associate Solicitors.  Of counsel was Michael Webster, of Alexandria, Virginia.

Appealed from:  United States Patent and Trademark Office
                Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

2008-1429
(Serial No. 78/277,681)

IN RE HOTELS.COM, L.P.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED: July 23, 2009

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and GAJARSA <u>Circuit Judges.</u>

NEWMAN, <u>Circuit Judge</u>.

Hotels.com, L.P. ("the applicant") applied to register the service mark HOTELS.COM in Class 43, for the services of "providing information for others about temporary lodging; travel agency services, namely, making reservations and bookings for temporary lodging for others by means of telephone and the global computer network." The Trademark Trial and Appeal Board ("TTAB" or "Board") refused the registration on the ground that the mark is a generic term for these services. <u>In re Hotels.com, L.P.</u>, 87 USPQ2d 1100 (T.T.A.B. Mar. 24, 2008). We affirm the Board's decision.

BACKGROUND

On application for registration on the Principal Register, the examiner denied registration on the ground that HOTELS.COM is merely descriptive of hotel reservation services, and that the applicant's evidence was insufficient to show acquired distinctiveness under Section 2(f) of the Lanham Trademark Act. The examiner also stated that the proposed mark appeared to be generic. The TTAB affirmed the rejection, but on the ground that HOTELS.COM is a generic term for hotel information and reservations, and that the "dot-com" shows internet commerce and does not convert the generic term "hotels" into a brand name.

The TTAB explained that the word "hotels" "identifies the central focus of the information and reservation services provided on applicant's website," and concluded that "the term HOTELS.COM, consisting of nothing more than a term that names that central focus of the services, is generic for the services themselves." The TTAB stated that addition of the dot-com domain designation does not impart registrability to a generic term. However, the TTAB did not agree with the examiner's view of the inadequacy of the showing of acquired distinctiveness, and stated that "if applicant should ultimately prevail in any appeal of this decision, we find in the alternative that the evidence of acquired distinctiveness is sufficient to support registration under Section 2(f)." Hotels.com, 87 USPQ2d at 1110.

On appeal, the applicant argues that the mark is not generic because the website HOTELS.COM does not provide lodging and meals for its users and is not synonymous with the word "hotel"; the applicant refers to its survey evidence as establishing that HOTELS.COM is widely associated with the applicant, and is not viewed as a generic term

or common name for hotel services. The applicant stresses that in ex parte examination the PTO bears the burden of establishing that a term is generic, and argues that the PTO did not meet this burden. The applicant states that it provided at least sufficient rebuttal to warrant taking the application to the next stage in the examination process, that is, publication for opposition.

## STANDARDS OF PROOF and REVIEW

Whether a particular term is generic, and therefore cannot be a trademark or service mark, is a question of fact. In re Reed Elsevier Props., Inc., 482 F.3d 1376, 1378 (Fed. Cir. 2007). The Patent and Trademark Office (PTO) bears the burden of establishing that a proposed mark is generic, In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d 1567, 1571 (Fed. Cir. 1987), and must demonstrate generic status by clear evidence. See Trademark Manual of Examining Procedure 1209.01(c) (i) (4th ed. 2005) ("The examining attorney has the burden of proving that a term is generic by clear evidence."); 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §12:12 (4th ed. 2008) ("As Judge Posner remarked [in Ty Inc. v. Softbelly's Inc., 353 F.3d 528, 531 (7th Cir. 2003)]: 'To determine that a trademark is generic and thus pitch it into the public domain is a fateful step.'").

As the Court explained in California ex rel. Cooper v. Mitchell Bros.' Santa Ana Theater, "[t]he purpose of a standard of proof is 'to instruct the fact finder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" 454 U.S. 90, 92-93 (1981) (quoting In re Winship, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). See Oriel v. Russell, 278 U.S. 358, 362-63 (1929) ("A mere preponderance of evidence in such a case is not enough

[and] the court . . . should therefore require clear evidence . . . ."); Ramsey v. United Mine Workers of America, 401 U.S. 302, 309 (1971) (stating that "clear evidence" or "clear proof" is equivalent to "clear and convincing evidence"); Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239-40 (Fed. Cir. 2002) (explaining that "clear evidence" is equivalent to "clear and convincing evidence," which is a heavier burden than preponderance of the evidence).

Rulings of the PTO tribunals are reviewed in accordance with the standards of the Administrative Procedure Act. Dickinson v. Zurko, 527 U.S. 150, 152 (1999). We give plenary review to the TTAB's legal conclusions, and review its factual findings to determine whether they are arbitrary, capricious, or unsupported by substantial evidence. Bridgestone/Firestone Research, Inc. v. Automobile Club de L'Ouest de la Fr., 245 F.3d 1359, 1361 (Fed. Cir. 2001). On appellate review of the Board's factual finding of genericness, we determine whether, on the entirety of the record, there was substantial evidence to support the determination. In re STEELBUILDING.COM, 415 F.3d 1293, 1296 (Fed. Cir. 2005) ("This court reviews a holding of genericness or descriptiveness for substantial evidence."). When a fact is required to be found by "clear evidence" and not a mere preponderance, the review for support by substantial evidence must take this heightened burden into account. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986) (the heightened standard of clear and convincing evidence, which would be party's burden at trial, must be considered when evaluating sufficiency of evidence on motion for summary judgment).

## DISCUSSION

A generic term cannot be registered as a trademark, for generic terms by definition

are incapable of indicating source.  Merrill Lynch, 828 F.2d at 1569; see H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc., 782 F.2d 987, 989-90 (Fed. Cir. 1986) (a generic term is the common name for the genus of goods or services being sold).  However, a term that is descriptive, but not generic, may acquire distinctiveness and serve as a trademark. "Whether a term is entitled to trademark status turns on how the mark is understood by the purchasing public."  In re Montrachet S.A., 878 F.2d 375, 376 (Fed. Cir. 1989).  In the generic-descriptive-suggestive-arbitrary-fanciful continuum of words and their usage as marks of trade, there is no fixed boundary separating the categories; each word must be considered according to its circumstances.  See In re K-T Zoe Furniture, Inc., 16 F.3d 390, 393 (Fed. Cir. 1994) ("[D]escriptive terms describe a thing, while generic terms name the thing. . . . there is only a fine line between describing and naming." (quoting 1 McCarthy, §12.05[1] (3d ed. 1992))).

The applicant argues that the Board's approach was fundamentally flawed, because the proposed mark is not "hotels," but HOTELS.COM.  The applicant states that the dot-com component of HOTELS.COM negates any generic nature of the word "hotels," and that the mark, viewed in its entirety, is not a generic name but an indicator of the applicant's services.  The applicant further argues that HOTELS.COM is not a generic term for a hotel, but is used to indicate an information source and travel agency.  Citing Merrill Lynch, 828 F.2d at 1571, the applicant argues that HOTELS.COM does not "immediately and unequivocally describe[ ] the purpose and function of appellant's goods" and therefore is not the generic name for those goods.  The applicant points out that the context in which a term is used is evidence of how the term is perceived by prospective customers, and that the dot-com domain name is a significant aspect of the context of HOTELS.COM, negating

2008-1429                                        5

the genericness finding. The applicant points to its survey evidence, and states that on the entirety of the record there was not clear evidence that the mark is generic.

The TTAB relied on definitions, websites, and similar "hotel" domain names, and criticized the proffered rebuttal evidence. The TTAB cited various definitions of "hotel," and various search printouts showing "hotels" as the equivalent of or included within "temporary lodging." The TTAB also cited computer printouts of the HOTELS.COM website featuring links to hotels, as well as the applicant's advertisements promoting the HOTELS.COM website and the hotel reservation services available on that website, and the applicant's online market survey asking visitors to list any other "hotel sites they frequent."

The TTAB started its analysis with dictionary, encyclopedia, and thesaurus definitions of "hotel," "temporary lodging", and ".com." For example, the American Heritage Dictionary of the English Language defines "hotel" as: "An establishment that provides lodging and usually meals and other services for travelers and other paying guests," and defines ".com" as: "ABBREVIATION: commercial organization (in Internet addresses)." The TTAB included these definitions in its evidence that "hotels" and ".com" name the services provided.

The TTAB also discussed printouts from various websites providing information about hotels and reservations, as showing that such sites are referred to as "hotel information sites" and "hotel reservation sites." The TTAB listed several sites that combine "hotels" and ".com," including www.all-hotels.com ("Hotels, travel, discount hotels—reservations and lodgings"); www.web-hotels.com ("hotel reservations and bookings"); www.dealsonhotels.com ("Low Internet Hotel Rates Guaranteed"); www.123-hotels.com ("Hotel Reservation Site"); www.my-discount-hotels.com ("online discount hotel reservation

websites"); www.choicehotels.com ("Hotel Rooms, Accommodations, Discounted Hotel Rates, Motels"); www.hotelstravel.com ("Hotels and Travel on the Net"); and www.hotelres.com ("Hotel Reservations—San Francisco and Silicon Valley Reservations").

The TTAB found that hotels are the "focus" of the applicant's services, citing the applicant's advertisements to "[c]hoose from thousands of hotels in hundreds of cities worldwide" by visiting www.hotels.com; directing the public to "[b]ook online at www.hotels.com" and stating that "hotels.com enables you to quickly and efficiently compare accommodations by: price, quality, location . . . amenities, availability . . . ." In re Hotels.com, 87 USPQ2d at 1104-05. The TTAB found that the word "hotels" "names a key aspect of applicant's services, i.e., that aspect of applicant's information services and reservation services that deal with hotels," and concluded that HOTELS.COM is properly viewed in the same way and having the same meaning as the word "hotels" by itself. Id. at 1105. The TTAB found that the composite term HOTELS.COM communicates no more than the common meanings of the individual components, that is, that the applicant operates a commercial website via the internet, that provides information about hotels, but adds nothing as an indication of source. Id.; see also, e.g., In re Gould Paper Corp., 834 F.2d 1017, 1018 (Fed. Cir. 1987) (holding that the compound term "SCREENWIPE" is generic as applied to wipes for cleaning monitor screens). The TTAB concluded that the combination of HOTELS and .COM does not produce a new meaning in combination.

We discern no error in the Board's consideration of the word "hotels" for genericness separate from the ".com" suffix. Otherwise registrable marks do not acquire generic character by participating in electronic commerce; for as the TTAB pointed out, registrability does not depend on the .com combination. We agree with the TTAB that for the mark here

at issue, the generic term "hotels" did not lose its generic character by placement in the domain name HOTELS.COM. See Reed Elsevier, 482 F.3d at 1377 (holding that LAWYERS.COM is generic for services provided by lawyers for "providing an online interactive database featuring information exchange in the fields of law, legal news, and legal services" encompasses the generic services provided by lawyers).

The TTAB also cited the use of the components of the term "hotels.com" in various domain names, as in www.all-hotels.com, www.web-hotels.com, www.my-discount-hotels.com, and other websites that provide hotel information and reservation services. The TTAB found "[i]t is clear from the website and promotional materials of applicant as well as the websites of third-parties that consumers who are interested in finding information about hotels or making reservations at hotels, would immediately understand that HOTELS.COM identifies a website that provides such services." In re Hotels.com, 87 USPQ2d at 1106. The TTAB further found that "this evidence demonstrates a competitive need for others to use as part of their own domain names and trademarks, the term that applicant is attempting to register," and included this finding as support for its conclusion that "hotels" indicates the genus of hotel information and reservation services. Id. This evidence supports a prima facie case of genericness.

The applicant presented rebuttal evidence to the examiner and before the Board. The applicant submitted sixty-four declarations from customers, vendors, and competitors, each of whom stated that "the term HOTELS.COM is not the common, generic name of any product, service, or field of study." The TTAB criticized these declarations, observing that they were identical form documents and that they did not provide any explanation of the declarant's conclusion or state the declarant's view of how the term HOTELS.COM is

perceived by the public. The TTAB stated that it gave no weight to the sixty-four declarations. Although the total rejection of this evidence appears unwarranted, for the use of the same words in declarations submitted to show a widely held view does not eliminate all value of the evidence; however, when viewed on the entirety of the record, these declarations do not negate the TTAB's ultimate conclusion.

The applicant also submitted a survey, entitled "Survey to Determine Whether Consumers Perceive 'HOTELS.COM' as a Brand Name or Generic Name" ("Survey"). This survey was conducted by Dr. Thomas D. DuPont, a qualified expert in consumer research and surveys, using a procedure described as a "national probability double blind telephone survey . . . conducted employing the 'Teflon' methodology[1] among 277 males and females age 18 and over in the continental United States who have stayed at a hotel or motel in the past 12 months or plan to in the next 12 months." Survey at 2 (footnote added). According to this methodology, the survey participants are first taught the difference between a brand name and a common name, and then asked how they perceive the subject term. To the question "For a business that makes hotel reservations and provides information about hotels, would you say HOTELS DOT COM is a brand name or a common name," approximately 76% of the respondents answered "brand name." Dr. DuPont concluded:

> The survey showed that 76% of respondents regarded HOTELS.COM as a brand name for a business that makes hotel reservations and provides information about hotels. Based on that I conclude that HOTELS.COM is considered by consumers to be a brand name.

Id. at 4.

---

[1] This methodology is described in E.I. DuPont de Nemours & Co. v. Yoshida Int'l, Inc., 393 F. Supp. 502, 525-27 (E.D.N.Y. 1975), for a survey on whether "Teflon" had become a generic (common) name through usage.

The TTAB was skeptical, and reasoned that "consumers may automatically equate a domain name with a brand name." In re Hotels.com, 87 USPQ2d at 1109. The TTAB concluded that the survey questions "radically skew[ed] the results of the survey in applicant's favor," and that Dr. DuPont's survey did not establish that the public viewed HOTELS.COM as a brand name for services from a unique source. Id. Survey evidence is subject to review for its probative value, based on factors including the design of the survey, the questions asked, and the experience of the surveyor. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 840 (9th Cir. 2001) (evaluating survey evidence in trademark dispute). Professor McCarthy has observed that the nature of a response to questions in a genericness survey can be affected by the way the question is framed. See 1 McCarthy §12:17 ("A survey must be directed at the issue of consumer perception as to the significance and meaning of the designation in issue."). The TTAB criticized the DuPont survey on several grounds, particularly that the survey design did not adequately reflect the difference between a brand name and a domain name.

The applicant argues that the sixty-four declarations and the extensive survey evidence showed that HOTELS.COM is perceived by the relevant public "not as referring to a class or category of the services recited in the Appellant's application, but, rather, as referring to a brand of such services originating from one and only one source—Appellant." Appellant Br. 16. However, on the entirety of the evidence before the TTAB, and with cognizance of the standard and burden of proof borne by the PTO, the TTAB could reasonably have given controlling weight to the large number of similar usages of "hotels" with a dot-com suffix, as well as the common meaning and dictionary definition of "hotels" and the standard usage of ".com" to show a commercial internet domain. We conclude that

the Board satisfied its evidentiary burden, by demonstrating that the separate terms "hotel" and ".com" in combination have a meaning identical to the common meaning of the separate components.  The Board's finding that HOTELS.COM is generic was supported by substantial evidence.  The refusal of the registration is

AFFIRMED.