**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADVERTISE.COM, INC.,
            *Plaintiff-Appellant,*

            v.

AOL ADVERTISING, INC., FKA
Platform-A, Inc.; AOL INC.,
            *Defendants-Appellees.*

No. 10-55069

D.C. No.
2:09-cv-05983-
VBF-CW

ADVERTISE.COM, INC.,
            *Plaintiff-Appellant,*

            v.

AOL ADVERTISING, INC., FKA
Platform-A, Inc.; AOL INC.,
            *Defendants-Appellees.*

No. 10-55071

D.C. No.
2:09-cv-07374-
VBF-CW

OPINION

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted
May 6, 2010—Pasadena, California

Filed August 3, 2010

Before: Betty B. Fletcher and Richard A. Paez,
Circuit Judges, and David A. Ezra, District Judge.*

*The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

11163

Opinion by Judge B. Fletcher

**COUNSEL**

Jerome B. Falk, Jr., Blake J. Lawit, Sarah J. Givan, Howard Rice Nemerovski Canady Falk & Rabkin, San Francisco, California; and Andrew Selesnick, Todd Stitt, Torin A. Dorros, Brett A. Garner, Michelman & Robinson LLP, Encino, California, for the appellant.

Lee J. Eulgen, Lawrence E. James, Jr., Hillary I. Schroeder, Neal, Gerber & Eisenberg LLP, Chicago, Illinois; Karin G. Pagnanelli, Mitchell Silberberg & Knupp LLP, Los Angeles, California; and Kannon K. Shanmugam, Christopher R. Hart, Allison B. Jones, Williams & Connolly LLP, Washington, D.C., for the appellees.

## OPINION

B. FLETCHER, Circuit Judge:

Advertise.com, Inc., appeals the district court's entry of a preliminary injunction barring it from using a designation or trade name that is confusingly similar to Appellees' ("AOL") ADVERTISING.COM mark. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We reverse and vacate the preliminary injunction in part.

### Facts and Procedural History

AOL owns trademark registrations covering certain stylized representations of the mark ADVERTISING.COM. While AOL's applications for those registrations were pending before the United States Patent and Trademark Office ("PTO"), the PTO requested that AOL disclaim the standard text version of ADVERTISING.COM to obtain registration of the stylized representations of that term. AOL refused to disclaim the standard text version of the mark, maintaining that although it did not claim exclusive rights to the term "advertising," the standard text version of ADVERTISING.COM mark was distinctive and protectable.[1] AOL's registrations eventually issued without the requested disclaimer.

On August 17, 2009, AOL filed a complaint against Advertise.com in the Eastern District of Virginia and shortly thereafter filed a motion for a preliminary injunction. AOL alleged that Advertise.com had infringed AOL's trademark rights by using the designation ADVERTISE.COM and by using a stylized version of that designation that was confusingly similar to AOL's stylized ADVERTISING.COM marks. The case was transferred to the Central District of California and the motion for a preliminary injunction was re-filed.

---

[1]AOL had applied for trademark registration over the standard text mark ADVERTISING.COM, but abandoned this registration.

The district court enjoined Advertise.com from using "any design mark or logo that is confusingly similar to the stylized forms of AOL's ADVERTISING.COM marks" and from using the designation and trade name ADVERTISE.COM or any other name confusingly similar to ADVERTISING.COM. Advertise.com was not enjoined from using its website address "advertise.com." The court found that AOL was likely to show that the ADVERTISING.COM marks, including the standard text mark, are descriptive and therefore protectable under trademark law. Because it found that the other preliminary injunction factors also weighed in favor of AOL, the district court granted the injunction. The district court denied a stay of the injunction pending appeal, but a Ninth Circuit panel granted a stay as to the portion of the injunction prohibiting Advertise.com from using the designation or trade name ADVERTISE.COM.

Advertise.com appeals the district court's decision to grant the preliminary injunction, arguing primarily that the standard text mark ADVERTISING.COM is generic. Advertise.com, however, does not contest that part of the preliminary injunction that enjoined it from using any design mark that was confusingly similar to AOL's stylized marks.

## DISCUSSION

We review the district court's grant of a preliminary injunction for abuse of discretion. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 876 (9th Cir. 2009). The district court "should be reversed if [it] based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) (quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Marlyn Nutraceuticals*, 571 F.3d at 877

(quotation marks omitted). The issue of substance in this appeal is whether the district court correctly determined that AOL was likely to succeed on the merits. That issue is controlled by whether the district court correctly determined that ADVERTISING.COM is a descriptive mark. Because ADVERTISING.COM is a registered trademark, "a presumption of validity places the burden of proving genericness upon the defendant," Advertise.com. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999).

**[1]** Generic terms are those that refer to "the genus of which the particular product or service is a species," *i.e.*, the name of the product or service itself. *Id.* at 1147. "To determine whether a term [is] generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves." *Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005). A descriptive mark describes the qualities or characteristics of a product. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). Generic terms cannot be valid marks subject to trademark protection, whereas a descriptive mark can be valid and protectable if it has acquired "secondary meaning." *Filipino Yellow Pages*, 198 F.3d at 1147. "Whether a mark is generic is a question of fact." *Yellow Cab Co.*, 419 F.3d at 929 (quotation marks omitted).

**[2]** "Context is critical to a distinctiveness analysis. . . . [and the level of distinctiveness of a mark] can be determined only by reference to the goods or services that [the mark] identifies." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1201 (9th Cir. 2009) (quotation marks omitted). Because the parties do not dispute it on appeal, we accept the district court's finding that there

> are two core facets to AOL's service offerings under its ADVERTISING.COM marks: (1) courting web

publishers in order to provide them with a suite of services including placement of third-party ads on the publisher's site, with the publisher receiving a share of the revenue generated from such placements, and (2) selling online advertising space and other services such as marketing campaign management services and research services to web marketers.

The parties likewise appear to agree that the genus of these services is "online advertising" or "internet advertising." AOL's brief, for example, consistently refers to the type of services it offers under the ADVERTISING.COM mark as "online-advertising services" and refers to the "online-advertising genus." In addition to reflecting the nature of AOL's services as described by the district court, taking "online advertising" as the genus reflects how AOL and third parties have portrayed the services offered under the mark.

   **[3]** With this context in mind, we consider whether ADVERTISING.COM conveys only the "genus of which [AOL's] particular [service] is a species" or whether it is descriptive because it "directly describe[s] the qualities or features of the product." *One Indus., LLC v. Jim O'Neal Distrib.*, 578 F.3d 1154, 1164 (9th Cir. 2009) (quotation marks omitted). Although the distinctiveness inquiry considers the impression conveyed by the mark as a whole, *see Filipino Yellow Pages*, 198 F.3d at 1148, 1150, we are permitted to begin our inquiry by separately viewing the component parts of the mark. *See Lahoti*, 586 F.3d at 1201. Accordingly, our first step is to consider the impression conveyed by "advertising" and ".com," taken separately. "Advertising" is concededly generic and is defined as "the action of calling something (as a commodity for sale, a service offered or desired) to the attention of the public esp. by means of printed or broadcast paid announcement." Webster's Third New International Dictionary 31 (2002). The term ".com" is a top-level domain indicator ("TLD"), *In re Oppendahl & Larson LLP*, 373 F.3d

1171, 1173 (Fed. Cir. 2004), and reflects an online commercial organization or refers "generically to almost anything connected to business on the internet." Taken separately, it is clear that "advertising" and ".com" reflect only the genus of the services offered.

This does not, however, end our inquiry. Although these definitions persuasively suggest that ADVERTISING.COM is understood as generic by the consuming public and we give them significant weight, *see Filipino Yellow Pages, Inc.*, 198 F.3d at 1148, our cases establish that we look to the mark as a whole and that the combination of generic terms may, in some instances, result in a distinctive mark. AOL contends that it is likely to prevail on the merits because the composite of these two generic terms is descriptive and Advertise.com did not provide sufficient evidence of genericness to rebut the presumption of validity.

**[4]** We disagree. We begin with our familiar "who-are-you/what-are-you" test: "A mark answers the buyer's questions 'Who are you?' 'Where do you come from?' 'Who vouches for you?' But the [generic] name of the product answers the question 'What are you?' " *Id.* at 1147 (quotation marks omitted, alteration in original). Applying this test strongly suggests that ADVERTISING.COM is generic. When any online advertising company, including AOL's competitors, is asked the question "what are you?" it would be entirely appropriate for the company to respond "an advertising.com" or "an advertising dot-com." *See id.* at 1151. Likewise, asking one of AOL's competitors "Could you refer me to an advertising dot-com?", one would hardly be surprised if they offered their own services. *See Yellow Cab Co.*, 419 F.3d at 929. We see strong evidence of this in the common use of ".com" to refer to internet businesses. For example, the American Heritage Dictionary defines "dot-com" as "of or relating to business conducted on the Internet: *dot-com advertising*." American Heritage Dictionary of the English Language 538 (4th ed. 2006). That the use of "advertising"

and ".com" as a combination to refer to internet advertising is commonplace enough to be used as an example in a dictionary definition strongly suggests that ADVERTISING.COM is generic. *See Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1018 (9th Cir. 1979) (looking, in part, to the natural usage of "surgical" and "centers" as reflected in the composite "Surgicenter").

**[5]** There is extensive Federal Circuit precedent in support of our conclusion that the combination of ".com" and "advertising" does not result in a descriptive mark. The Federal Circuit has repeatedly affirmed the Trademark Trial and Appeal Board's ("TTAB") findings that marks similar to ADVERTISING.COM are generic.[2] *See In re Hotels.com*, 573 F.3d 1300, 1304 (Fed. Cir. 2009) (HOTELS.COM); *In re 1800MATTRESS.COM IP, LLC*, 586 F.3d 1359, 1361-62 (Fed. Cir. 2009) (MATTRESS.COM); *In re Reed Elsevier Props. Inc.*, 482 F.3d 1376, 1378 (Fed. Cir. 2007) (LAWYERS.COM).[3] The Federal Circuit has been explicit that adding ".com" or another TLD to an otherwise unprotectable term will only in rare circumstances result in a distinctive composite. *See In re Steelbuilding.com*, 415 F.3d 1293, 1297

---

[2]The Federal Circuit reviews the TTAB's decision for substantial evidence. *See In re Hotels.com*, 573 F.3d 1300, 1302 (Fed. Cir. 2009). The underlying determination by the PTO, however, that a mark is generic must be supported by clear evidence. *Id*. Therefore, when the Federal Circuit reviews a TTAB's finding of genericness for substantial evidence it must take the heightened burden of proof into account. *Id*.; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (explaining that the heightened standard of clear evidence, which would be party's burden at trial, must be considered when evaluating the sufficiency of the evidence on a motion for summary judgment).

[3]Several TTAB decisions have also found similar marks generic. *See In re Eddie Z's Blinds and Drapery Inc.*, 74 U.S.P.Q.2d 1037 (T.T.A.B. 2005) (BLINDSANDDRAPERY.COM); *In re DNI Holdings Ltd.*, 77 U.S.P.Q.2d 1435 (T.T.A.B. 2005) (SPORTSBETTING.COM); *In re Martin Container Inc.*, 65 U.S.P.Q.2d 1058 (T.T.A.B. 2002) (CONTAINER.COM); *In re Cyberfinancial.Net Inc.*, 65 U.S.P.Q.2d 1789 (T.T.A.B. 2002) (BONDS.COM).

(Fed. Cir. 2005) ("Only in rare instances will the addition of a TLD indicator to a descriptive term operate to create a distinctive mark."); *In re Oppendahl & Larson LLP*, 373 F.3d at 1174-76. This position comports with existing Ninth Circuit law explaining that, in the context of likelihood of confusion, the addition of ".com" to a mark generally does not strengthen the mark. *See Brookfield Commc'ns. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999).

AOL's attempt to draw an analogy to *In re Steelbuilding.com* is unavailing. Although the Federal Circuit in that case vacated the TTAB's finding that the mark STEEL-BUILDING.COM was generic, *In re Steelbuilding.com*, 415 F.3d at 1301, the court's reasoning is inapplicable here. In large part, that decision rested on the Federal Circuit's conclusion that there was insufficient evidence that the composite STEELBUILDING was generic for "steel buildings" and not, as AOL asserts, on a finding that the addition of ".com" to the mark resulted in a distinctive composite. *See id.* at 1298-99. Given the generic nature of the term "advertising," *In re Steelbuilding.com* reflects a substantially different case for this reason alone. Moreover, to the extent that the Federal Circuit also concluded that STEELBUILDING.COM represented one of the "rare instances" in which the addition of a TLD "expanded the meaning of the mark," it did so because the services provided under the mark went far beyond "the mere sale of steel buildings." *Id.* at 1299. The addition of ".com" conveyed a unique and unexpected character of the services related to the internet: allowing the consumer to use an interactive online feature to design, determine the price of, and then purchase the building. *See id.* at 1298-99. In contrast, the services offered under ADVERTISING.COM remain, at core, the simple provision of online advertising services. This is not the sort of "unusual case" reflected by *In re Steelbuilding.com. Id.* at 1298-99. That AOL uses a mark incorporating a TLD in connection with offering a service related to and commonly provided on the internet—the use of the internet comprising, in this case, an element of the genus of the

service—renders this a very different set of facts. Cases such as *In re Hotels.com*, 573 F.3d at 1304, are far more analogous to the present appeal than *In re Steelbuilding.com*.

AOL also attempts to rely on *In re Oppendahl & Larson LLP*, a case in which the Federal Circuit held that PATENTS.COM was not entitled to protection because it was "merely descriptive." 373 F.3d at 1173, 1177. AOL argues that the Federal Circuit found that the mark PATENTS.COM was not generic, and, therefore, that ADVERTISING.COM is also not generic. AOL, however, misreads *In re Oppendahl*. The issue before the court in that case was whether the TTAB had correctly concluded that the mark was not protectable because it was merely descriptive; the court had no occasion to consider whether the mark was generic.[4] *See id.* We therefore do not consider the Federal Circuit's determination that the PATENTS.COM was "merely descriptive" as an indication that it even considered, let alone concluded, that the mark was not generic. That issue was not before the court.

**[6]** Further support for finding ADVERTISING.COM generic is evident in how the mark has been used in other domain names. *See In re Hotels.com*, 573 F.3d at 1304; *In re 1800MATTRESS.COM*, 586 F.3d at 1363; *In re Reed Elsevier Props. Inc.*, 482 F.3d at 1380. Advertise.com points to thirty-two separate domain names that incorporate "advertising.com," such as "travel-advertising.com," "a-plusadvertising.com" and "domainadvertising.com." The Federal Circuit has found such evidence is sufficient to prove genericness under a clear evidence standard when the elements of the mark are highly generic, even in the face of substantial rebuttal evidence. *See, e.g., In re Hotels.com*, 573 F.3d at 1304-06 (explaining that sixty four declarations that the mark was not generic and a customer survey did not

---

[4]The Trademark Manual of Examining Procedure (TMEP) § 1209.02(a) provides that descriptiveness, rather than genericness, should be the initial basis for the agency's refusal to register a mark.

negate the TTAB's ultimate conclusion of genericness). We also observe that the PTO has rejected as generic other, nearly identical marks, such as ADVERTAIS.COM,[5] and AOL's own AD.COM mark.

AOL briefly argues that the addition of a TLD expands the meaning of a mark because a consumer will typically understand a mark with a TLD as an internet domain name. Noting that only a single entity can hold a domain name at any given time, AOL contends that marks that communicate domain names, such as ADVERTISING.COM, intrinsically denote source. Because "advertising," standing alone, is an archetype of a generic term, were we to follow AOL's logic we would be hard pressed to think of a case in which the addition of a TLD would *not* result in a protectable mark. AOL is in effect proposing a per se rule that the addition of a TLD to a generic term results in a protectable mark.[6] The PTO, TTAB, and Federal Circuit have all rejected this position, for good reason. See *In re Hotels.com*, 573 F.3d at 1305-06; *In re Oppedahl & Larson LLP*, 373 F.3d at 1176-77; *In re Hotels.com, L.P.*, 87 U.S.P.Q.2d 1100, 1106 (T.T.A.B. 2008); TMEP §§ 1209.03(m), 1215.02(a).

Notwithstanding that only one entity can hold a particular

---

[5]On the urging of the applicants attempting to register ADVERTAIS.COM, the PTO treated "advertais" as Spanish for "advertise." The PTO explained that, applying this definition, the mark "directly described the services."

[6]Somewhat incredibly, AOL attempts to argue that it is Advertise.com who is proposing a per se rule, claiming that the result that Advertise.com urges would cast all marks composed of a generic term and a TLD into the public domain. Advertise.com proposes no such rule that a generic term combined with a TLD will always be generic, and we do not adopt such a rule here.

AOL also raises a concern that refusing to protect such marks will result in "parasite" marks such as "addvertising.com" diverting business from marks like ADVERTISING.COM. The simple response is that this is the peril of attempting to build a brand around a generic term.

domain name, granting trademark rights over a domain name composed of a generic term and a TLD grants the trademark holder rights over far more intellectual property than the domain name itself. In addition to potentially covering all combinations of the generic term with any TLD (*e.g.*, ".com"; ".biz"; ".org"), such trademark protection would potentially reach almost any use of the generic term in a domain name. For example, AOL might bring suit, alleging infringement of its ADVERTISING.COM mark, against any one of the owners of the thirty-two domain names using some form of "advertising.com." This would make it much more difficult for these entities to accurately describe their services. "To allow trademark protection for generic terms, . . . even when [they] have become identified with a first user, would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are." *Surgicenters*, 601 F.2d at 1017 (quotation marks omitted).[7] A major advantage that AOL would get from trademark protection of ADVERTISING.COM is to foreclose competitors from using a vast array of simple, easy to remember domain names and designations that describe the services provided. The effect is similar to that which would result if trademark law embraced the obviously generic ADVERTISING COMPANY as a protectable mark because it "ha[d] become identified with a first user." *Id.*

Relatedly, the primary reason that a consumer is likely to associate a domain name with a source is that the *second-level* domain indicator (in this case the "advertising" component of "advertising.com") is distinctive. *See Brookfield Commc'ns.*, 174 F.3d at 1055; *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1325 (9th Cir. 1998). When a generic term is used as

---

[7]This is one of the major points of contrast between domain names and vanity telephone numbers. *See, e.g.*, *In re Martin Containers Inc.*, 65 U.S.P.Q.2d at 1061 (distinguishing *In re Dial-a-Mattress Operating Corp*, 240 F.3d 1341 (Fed. Cir. 2001), in which the Federal Circuit reversed a finding that a vanity telephone number was generic).

the second-level domain indicator, however, it is far less clear that the consumer understands that the website corresponds to a *brand* or is seeking out a particular source. "Trademark law requires evaluation of a proposed mark to ascertain the commercial impression conveyed in light of the goods or services associated with the mark, not a simple check for ownership of an Internet address." *In re Oppedahl & Larson LLP*, 373 F.3d at 1177; *see also* TMEP §§ 1209.03(m), 1215.02(a).

**[7]** This does not appear to be the "rare case" in which the addition of a TLD to a generic term results in a distinctive mark. Rather, the record before us demonstrates that Advertise.com is likely to rebut the presumption of validity and prevail on its claim that ADVERTISING.COM is generic. How, then, did the district court reach the opposite conclusion? Examining its decision, we conclude that it did so due to an error of law and therefore abused its discretion in granting the injunctive relief challenged here. *Stormans, Inc.*, 586 F.3d at 1119.

The district court's analysis of whether ADVERTISING.COM is generic is brief and never explicitly states the standard the court applied. The explanation of its conclusion that ADVERTISING.COM is descriptive, however, convinces us that it did not apply the correct legal standard to the facts before it. The court's reasoning appears in a single sentence that reads "The term 'advertising' describes the services that AOL offers, and the '.com' either indicates a commercial entity, use of the internet in association with the mark, or describes the internet-related nature of AOL's services."

We conclude that the district court did not correctly apply the legal standard for determining whether a mark is generic. Even if we credit the district court's rationales as factually accurate—*i.e.*, if we assume that the addition of ".com" serves the three identified functions—ADVERTISING.COM still conveys only the generic nature of the services offered. That ".com," when added to a generic term, "indicates a commer-

cial entity" does not suffice to establish that the composite is distinctive, much as AOL would not have created a protectable mark by adopting the designation "Advertising Company." *See Goodyear's Rubber Mfg. Co. v. Goodyear Rubber Co.*, 128 U.S. 598, 602-03 (1888) (holding that the addition of "Company" to an otherwise generic mark does not render the mark distinctive); *see also In re Oppendahl & Larson LLP*, 373 F.3d at 1175, 1177 (explaining that, although not a perfect analogy, TLDs are similar to entity designations such as "Corp.").

As to the remaining two rationales, neither suggests that ADVERTISING.COM does anything more than convey the genus of the services offered under the mark: *internet* advertising. A mark is not descriptive merely because it conveys some minimal information about a product or service; if all it "describes" is the common name of the product or service, it is not protectable as a trademark. *See Filipino Yellow Pages*, 198 F.3d at 1147 ("Courts sometimes refer to generic terms as 'common descriptive' names, the language used in the Lanham Act for terms incapable of becoming trademarks."). Rather, a descriptive mark conveys the "*qualities or characteristics* of a good or service." *Park 'N Fly Inc. v. Dollar Park & Fly*, 469 U.S. 189, 194 (1985) (emphasis added); *see Yellow Cab Co.*, 419 F.3d at 927 ("Descriptive marks define a particular characteristic of the product . . . ." (quotation marks omitted)). The mark at issue in *Filipino Yellow Pages* is analogous to ADVERTISING.COM in this respect. In that case, the use of "Filipino" in the mark, although arguably describing the content of the "Yellow Pages," still resulted in a mark that conveyed only the genus of the product offered. *See Filipino Yellow Pages*, 198 F.3d at 1148, 1151; *see also Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1153, 1157-58 (7th Cir. 1996). In the present case, the use of ".com" likewise only conveys the genus of the services offered under AOL's mark.

**[8]** We have already stated that we create no per se rule against the use of domain names, even ones formed by com-

bining generic terms with TLDs, as trademarks. Nor, given the posture of this appeal, do we completely foreclose the possibility that AOL might prove its case on a fully developed record. *See Marlyn Nutraceuticals*, 571 F.3d at 876-77. It is not inconceivable but certainly highly unlikely that consumer surveys or other evidence might ultimately demonstrate that AOL's mark is valid and protectable. However, on the record before us, we conclude that the district court abused its discretion in determining that Advertise.com could not meet its burden of rebutting the presumption of validity and that AOL was, therefore, likely to prevail on the merits. Having so concluded, we need not consider the three remaining preliminary injunction factors. *See Doe v. Reed*, 586 F.3d 671, 681 n.14 (9th Cir. 2009), *aff'd* ___ S.Ct. ___, 2010 U.S. LEXIS 5256 (June 24, 2010).

## CONCLUSION

**[9]** We reverse the district court and vacate the preliminary injunction to the extent that it enjoined Advertise.com from using "the designation and trade name ADVERTISE.COM or any other designation or trade name that is confusingly similar to AOL's ADVERTISING.COM marks." Because Advertise.com did not appeal the injunction as to its use of the stylized marks or logos that the district court found to be confusingly similar to AOL's stylized marks, we leave that portion of the injunction undisturbed.

**INJUNCTION VACATED IN PART.**