NEWMAN, Circuit Judge,
concurring in the result.
I agree that registration was properly *1338 denied.[1] However, I would sustain the denial on the principal ground relied on by the Trademark Trial and Appeal Board (“Board”); that is, that the Applicant should disclaim any exclusive right to “fish fry products” because the term is the generic and common descriptive name for these products.
I do not share my colleagues’ view that there simply was inadequate evidence of acquired distinctiveness. Generic terms and common descriptive names cannot acquire trademark status, and evidence purporting to show acquired distinctiveness or secondary meaning is irrelevant.
The Board’s ruling that the phrase “fish fry products” is a generic or common descriptive name for the products for which registration is sought is not incorrect, and the required disclaimer is well'Within the Board’s discretionary authority. I would affirm the Board’s decision on this ground, and thus concur in the judgment of affir-mance of denial of registration absent the disclaimer that was requested by the examiner and affirmed by the Board.
Discussion
The Board conditionally approved the application to register the phrase “EST. 1982 LOUISIANA FISH FRY PRODUCTS BRING THE TASTE OF LOUISIANA HOME!” including design elements, on the applicant’s disclaimer of any exclusive right in the term “fish fry products.” The applicant refused to file this disclaimer.
The Board, applying § 6(a) of the Lan-ham Trademark Act, 15 U.S.C. § 1056(a), explained the disclaimer requirement and its long-standing precedent:
“As used in trademark registrations, a disclaimer of a component of a composite mark amounts merely to a statement that, in so far as that particular registration is concerned, no rights are being asserted in the disclaimed component standing alone, but rights are asserted in the composite; and the particular registration represents only such rights as flow from the use of the composite mark.”
Board Op. at *2 (quoting Sprague Electric Co. v. Erie Resistor Corp., 101 USPQ 486, 486-87, 1954 WL 5425 (Comm’r Pats. 1954)). Trademark registration may be refused based on failure to comply with a proper requirement for disclaimer. In re Stereotaxis Inc., 429 F.3d 1039 (Fed.Cir.2005); In re Richardson Ink Co., 511 F.2d 559 (C.C.P.A.1975); In re Pendleton Tool Indus., Inc., 157 U.S.P.Q. 114, 1968 WL 8098 (T.T.A.B.1968). Here, the required disclaimer arose from the examiner’s and the Board’s conclusion that “fish fry products” is a generic or common descriptive term; this is the foundation of this appeal.
A
Trademark status on the ground of acquired distinctiveness, provided by Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), is not available to terms that are the generic or common descriptive name of the goods, for such terms are not amenable to exclusive rights. The panel majority’s focus solely on “acquired distinctiveness” presupposes that trademark status is here available; that is, that “fish fry products” is not a generic or common descriptive name for these products, and would not be so recognized by the consuming public.
When a term is the common descriptive or generic name of the goods, “evidence of secondary meaning cannot change the result.” In re Northland Aluminum Prods., Inc., 777 F.2d 1556, 1560 (Fed.Cir.1985). *1339 Thus the court must first determine whether the Board was correct in finding that “fish fry products” is a generic term or common descriptive name, for only if that finding is incorrect does the question arise of acquired distinctiveness.
The panel majority, directing appellate review solely to the question of acquired distinctiveness, necessarily presupposes that “fish fry products” is not a generic or common descriptive name, for “[gjeneric terms cannot be rescued by proof of distinctiveness or secondary meaning no matter how voluminous the proffered evidence may be.” Northland Aluminum, 777 F.2d at 1558. This is the established rule, for generic terms by definition are incapable of indicating a unique source. See In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d 1567, 1569 (Fed.Cir.1987) (“Generic terms, by definition incapable of indicating source, are the antithesis of trademarks, and can never attain trademark status.” (citing Dan Robbins & Assocs., Inc. v. Questor Corp., 599 F.2d 1009, 1014 (C.C.P.A.1979))).
Section 6(a) of the Lanham Act, 15 U.S.C. § 1056(a), authorizes the Patent and Trademark Office to “require the applicant to disclaim an unregistrable component of a mark otherwise registrable.” See In re Hiromichi Wada, 194 F.3d 1297, 1301 (Fed.Cir.1999) (“Disclaimer of generic terms in composite marks allows marks containing generic terms to be registered as a whole while preventing any exclusive rights in the generic terms themselves.”). Acting within this authority, the Board advised the applicant as follows:
A proper disclaimer reads as follows: “No claim is made to the exclusive right to use FISH FRY PRODUCTS apart from the mark as shown.”
Board Op. at *14 n. 18 (extending time for filing disclaimer). The applicant declined.
B
The applicant challenges the Board’s requirement for disclaimer, stating that the Board did not meet its burden of proving by “clear evidence” that the phrase “fish fry products” is generic, and that other errors were made.
When a fact is required to be found by clear evidence and not a mere preponderance, appellate review of whether an agency finding is supported by substantial evidence will “take this heightened burden into account.” In re Hotels.com, L.P., 573 F.3d 1300, 1302 (Fed.Cir.2009). Here, we need not decide whether to take a heightened burden into account, for on either standard the Board’s decision must be sustained.
The applicant identified its products as “Marinade; Sauce mixes, namely, barbecue shrimp sauce mix; Remoulade dressing; Cocktail sauce, Seafood sauce; Tartar sauce; Gumbo filé; and Cayenne pepper.” J.A. 36. The Board applied the two-step inquiry set forth in Marvin Ginn, first to determine the genus or class of the goods at issue, and second to determine whether the term is “understood by the relevant public primarily to refer to that genus of goods.” H. Marvin Ginn Corp. v. Int’l Ass’n of Fire Chiefs, Inc., 782 F.2d 987, 990 (Fed.Cir.1986).
The Board found the phrase “fish fry products” to be “the combination of two generic terms, ‘Fish Fry’ and ‘Products,’ joined to create a compound term.” Board Op. at *8. Citing dictionaries and published articles, the Board stated “there is no dispute that the term ‘Fish Fry’ is a unitary term that means fried fish.” Id. The Board found that, as used in “fish fry products,” the word “products” has the dictionary definition of “something produced” and is without source-identifying capability. Id. Thus the Board found the *1340 phrase “fish fry products” to be a generic or common descriptive term for products used with fried fish:
Based on the record described below, we find that there is clear evidence to support a finding that the relevant public, when it considers FISH FRY PRODUCTS in conjunction with sauces, marinades and spices, readily understands the term to identify a type of sauce, marinade or spice used for fish fries.
Board Op. at *4. The Board explained that “used for fish fries” defines the understanding of the relevant public for the goods subject to the proposed trademark. Id.
The applicant does not dispute the Board’s definition of its goods, and states: “In the present matter, the Board correctly identified the genus of the goods as ‘marinades, sauces, and spices.’ ” Reply Br. at 1. The applicant also does not dispute the Board’s description of the relevant public as “ordinary consumers who eat fried fish.” However, the applicant states that the Board committed legal error because it found that “fish fry products”, is generic only for these goods when used with fried fish.
The applicant argues that the phrase “fish fry products” was improperly separated by the Board into “fish fry” and “products,” whereas the term is a composite mark of the entire phrase. The applicant argues that the whole is greater than the sum of its parts. It is indeed appropriate, when determining whether a mark is generic, to assess the mark as a whole. See Marvin Ginn, 782 F.2d at 990-91. When the words form a composite phrase, the inquiry is whether the words as joined have the same meaning as in their separate common usage. See, e.g., In re Hotels.com, 573 F.3d at 1303-05 (reviewing the mark “viewed in its entirety” as well as the meaning of the individual words).
The Board found that the phrase “fish fry products” is composed of words in “ordinary grammatical construction” and that each component word retains its common meaning in the combination. It was not reasonably argued that “fish fry products” as a phrase would be understood by the consuming public to have a meaning different from the meaning imparted by the separate words. The Board cited the examiner’s record of extensive usage of the words “fish fry” and “products,” and concluded that the phrase “fish fry products” does not and cannot indicate a' single source of these products used with fried fish.
The Board responded to all of the applicant’s arguments, and supported the conclusion that the consuming public would understand “fish fry products” as a generic or common descriptive term for products used with fried fish, including sauces, marinades and spices. The Board’s finding should be affirmed. On this finding, the phrase “fish fry products” does not have trademark status, and cannot acquire trademark status.
C
The Board, to meet the obligation of agency completeness, discussed the applicant’s argument of acquired distinctiveness, and found it lacking. This discussion does not avoid our appellate obligation to review the Board’s finding that “fish fry products” is a generic and common name, and does not limit the issue to that of acquired distinctiveness.
My colleagues hold that they do “not need [to] reach the Board’s genericness determination because ... substantial evidence supports the Board’s determination that Louisiana Fish Fry failed to show that FISH FRY PRODUCTS has acquired distinctiveness.” Maj. Op. at 1336. Howev *1341 er, a decision on this ground presupposes that the term “fish fry products” could achieve trademark status based on acquired distinctiveness.
Lanham Act section 2(f) requires establishing that the term is not a generic or common descriptive name, in order to achieve registration based on evidence of acquired distinctiveness. A trademark serves to “identify and distinguish” the applicant’s goods from the goods of others and “indicate the source of the goods.” Lanham Act §§ 2 & 45, 15 U.S.C. §§ 1052 & 1127. Terms that are the generic or common descriptive name of the goods do not perform this role. “A generic term is the common descriptive name of a class of goods or services, and ... can never be registered as a trademark.” Park ‘N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985).
The question on appeal requires resolution of whether “fish fry products” -is a generic or descriptive common name for the products with which the term is associated, for if “fish fry products” is in the different legal category of “merely descriptive,” trademark status is a matter of weight and probative value of evidence of acquired distinctiveness. If this is the court’s ruling with respect to “fish fry products” it should be clearly stated, so that the applicant can rely on it.
CONCLUSION
Only if the Board’s finding of generic or common descriptive name is incorrect, does the factual question of acquired distinctiveness become relevant to trademark registration. I conclude that the Board did not err, and that the disclaimer of “fish fry products” was properly imposed. I would affirm the Board’s decision, on that ground.

. In re Louisiana Fish Fry Prods. Ltd., 2013 WL 3191197 (T.T.A.B.2013) ("Board. Op.").