
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRP ENTERTAINMENT, LLC, | No. 13-16754 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00579-LDG-CWH |
| v. | |
| BARRIE CUNNINGHAM, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

TRP Entertainment, LLC ("TRP") appeals the district court's grant of partial

summary judgment to Barrie Cunningham. We have jurisdiction under 28 U.S.C.

§ 1291. We affirm and remand.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court correctly ruled that the term "The Rat Pack" is generic in the context of live shows about or in tribute to members of the Rat Pack. Generic terms primarily describe the type of product, rather than the producer, and are ineligible for trademark protection. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999). Viewed in the light most favorable to TRP, the record demonstrates that the term "The Rat Pack" describes a type of live entertainment show and does not identify any particular producer of a Rat Pack tribute show. First, the record indicates that at least twenty producers of Rat Pack tribute shows had used the term "Rat Pack" in their shows' titles as of the year 2008. *See Advertise.com, Inc. v. AOL Advert., Inc.*, 616 F.3d 974, 980 (9th Cir. 2010). Second, TRP and its owner have used the term generically, referring to Rat Pack performances as a "genre" of entertainment. *See Filipino Yellow Pages*, 198 F.3d at 1150–51. Finally, numerous news articles indicate that the media and other third parties have also used the term in a generic sense. *See id.* at 1151. TRP did not rebut this evidence with sufficient evidence of nongenericness. Therefore, the district court did not err in determining that "The Rat Pack" is generic in the context of live shows about or in tribute to members of the Rat Pack.

**2.** The district court did not abuse its discretion in ordering a disclaimer of the term "The Rat Pack" modifying TRP's trademark registration. Under 15 U.S.C. § 1119, a court may order the modification of a trademark registration to include a disclaimer of generic components. *See id.* §§ 1056(a), 1119. Because the term "The Rat Pack" is a generic component of TRP's registered trademark, the district court was within its discretion to require a disclaimer of the term.

**3.** The district court did not err in implicitly denying TRP's request to deny or stay Cunningham's motion for summary judgment until the completion of discovery. *See* Fed. R. Civ. P. 56(d). Although TRP diligently pursued discovery prior to Cunningham's motion, TRP failed to demonstrate that further discovery would have precluded partial summary judgment. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482 (9th Cir. 1996). Accordingly, the district court's denial of TRP's request was not erroneous.

We AFFIRM the district court's grant of partial summary judgment and REMAND with instructions to order the Director of the United States Patent and Trademark Office to enter a disclaimer of the term "The Rat Pack" modifying TRP's Trademark Registration No. 2,640,066 that NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE RAT PACK" APART FROM THE MARK AS SHOWN.

**AFFIRMED; REMANDED.**